IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,<br><br>   *Plaintiffs*,<br><br> v.<br><br>AUTODESK, INC.<br><br>   *Defendant*. | Case No. 2:15-cv-01187-JRG-RSP |

## MEMORANDUM ORDER

On March 14 and March 15, 2016, Autodesk filed two Petitions[1] for covered business method review of the asserted claims of the patents-in-suit[2] pursuant to 35 U.S.C. § 321 et seq. and Section 18 of the AIA. *See* (Dkt. Nos. 38-5, 38-6). The PTAB has not rendered institution decisions on Autodesk's Petitions, which remain pending.

On March 18, 2016 Autodesk filed a Motion to Stay Litigation Pending CBM Review. (Dkt. No. 38; "Motion to Stay"). Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (collectively "Uniloc") oppose the Motion to Stay. On May 3, 2016 Autodesk filed a "Notice of Completed Briefing" (Dkt. No. 49) indicating that briefing on the Motion to Stay is complete and that Autodesk believes the Motion to Stay is ready for a ruling prior to the May 24, 2016 claim construction hearing.

---

[1] Petition Nos. CBM2016-00042 & CBM2016-00043

[2] Patent Nos. 7,783,523 & 8,515,820.

1

Where the PTAB has not instituted CBM review proceedings, the Federal Circuit has held that district courts may elect a "wait-and-see" approach on a motion to stay:

> In this case, the stay motion was filed in May 2013, almost immediately after Salesforce had filed its CBM petition with the PTAB. The PTAB granted the petition in November 2013. The district court denied the motion to stay in January 2014. As noted above, **we see no error in the district court's decision to rule on the stay motion after the PTAB rendered its decision on the CBM petition**. Furthermore, a district court is not obligated to "freeze" its proceedings between the date that the motion to stay is filed and the date that the PTAB decides on the CBM petition. Of course, the court should make every effort to expeditiously resolve the stay motion after the PTAB has made its CBM review determination.

*VirtualAgility Inc. v. Salesforce.com*, 759 F.3d 1307, 1316 (Fed. Cir. 2014); *see also id.* ("some district courts . . . [have] denied as premature the motion to stay without prejudice to refiling after institution of post-grant review").

In a learned opinion surveying district court decisions from across the nation, Judge Bryson observed:

> Since the enactment of the America Invents Act ("AIA"), district courts have encountered a flood of stay requests pending either CBM review or *inter partes* review. Although, as the Federal Circuit noted, some district courts have granted stays even before the PTAB has granted the petition for review, the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review. . . The Court believes that is the proper course to follow in this case.

*Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 U.S. Dist. LEXIS 99595 at *5-6 (E.D. Tex. July 22, 2014) (collecting cases).

After considering the four statutory factors set out in the Leahy-Smith America Invents Act,[3] the Court ascertains no special circumstances in this case that would counsel in favor of

---

[3] Pub. L. No. 112-29, § 18, 125 Stat. 284, 329–31 (2011) ("(A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (B) whether discovery is complete and whether a trial date has been set; (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical

granting a stay at present. The Court finds that the best course of action in this case is to defer ruling on Autodesk's Motion to Stay until the PTAB has rendered a decision on Autodesk's CBM petitions.

"While the Court could simply postpone ruling on the defendants' stay motion until the PTAB acts, the Court regards the better practice as acting on the motion in order to inform the parties of the basis for the Court's action." *Freeny*, 2014 U.S. Dist. LEXIS 99595 at *10. Accordingly, Autodesk's Motion to Stay (Dkt. No. 38) is **DENIED WITHOUT PREJUDICE**. Autodesk may renew the Motion after the PTAB renders an institution decision concerning one or both of Autodesk's CBM petitions.

**SIGNED this 13th day of May, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

advantage for the moving party; and (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.")